UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Riggs,

    Plaintiff,

v.

Ronald Wyse, et al.,

    Defendants.

Case No. 20-12610
District Judge David M. Lawson
Magistrate Judge Jonathan J.C. Grey

_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO FOR SUMMARY JUDGMENT (ECF No. 25)

William Riggs, an incarcerated person, brought this complaint pro se against Michigan Department of Corrections (MDOC) officers Ronald Wyse and Michael Doss under 42 U.S.C. § 1983 for violations of his First Amendment Constitutional rights. (ECF No. 10.) On March 2, 2022, defendants filed a motion for summary judgment (ECF No. 25).

For the following reasons, the undersigned **RECOMMENDS** that Riggs' claims against Wyse be **DISMISSED WITHOUT PREJUDICE FOR VOLUNTARY DISMISSAL** under Federal Rule of Civil Procedure 21 and that Doss' motion for summary judgment be **DENIED**. (ECF No. 25.)

I.      **Background**

On September 17, 2020, Riggs brought this complaint against prison officials Wyse and Doss. (ECF No. 1.) Riggs later filed a verified amended complaint on July 12, 2021. (ECF No. 10.) In his amended complaint, Riggs alleged that on May 21, 2020, he sent an outgoing JPay email[1] to a friend. (*Id*.) In that email, Riggs made insulting comments about Wyse. Wyse's Aff. ¶ 13, (ECF No. 25-6, PageID.162.)  Wyse intercepted the email and rejected it as it violated MDOC policy which prohibited insolence and other misconduct over email, and Riggs' friend never received the message. *Id.* Wyse wrote a misconduct ticket for the insolent message. *Id.* at ¶ 14–15. Riggs claims that Wyse's conduct was censorship of speech in violation Rigg's First Amendment rights. (ECF No. 10.) Additionally, Riggs claims that the misconduct ticket was issued in retaliation for exercising his First Amendment rights. (*Id.*) In Riggs' response to the motion for summary judgment, he stated that he wished to abandon his claims against Wyse only. (ECF No. 30, PageID.261.)

Doss was the officer presiding over the misconduct ticket hearing. (ECF No. 10.) Riggs claims that Doss threatened to increase the number of days of lost

---

[1] JPay Inc. is the government contractor responsible for establishing and maintaining the prisoner email system used by MDOC that allows prisoners to send electronic communications to non-incarcerated persons.

privileges from two to five if Riggs defended against the ticket. Riggs' Dep. 9:15–9:23, (ECF No. 33-1, PageID.314.) Riggs alleges that Doss retaliated against him in violation of Riggs' First Amendment rights by increasing the sanctions on a guilty finding. (ECF No. 10.) Riggs filed a grievance based on this allegation. (ECF No. 30, PageID.297.) The grievance was resolved administratively in Riggs' favor at step I. (*Id.*)

## II. Legal Standard

If the movant can show that there are no genuine disputes over facts that are material to a claim and is entitled to judgment according to the law on the undisputed facts, the Court will grant summary judgment. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of establishing that there are no genuine disputes by pointing to specific portions of the pleadings, depositions, interrogatory answers, admissions, and affidavits for support. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The principal purpose of summary judgment rule is to dispose of factually unsupported claims or defenses. *Id.* at 323–24. Once the moving party has met their burden, the non-moving party must provide evidence, through depositions, affidavits, admissions, and interrogatory answers, establishing that there is a genuine issue for trial. *Id.* The Court must view inferences drawn from the evidence in the light most favorable to the non-moving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. First Amendment—suppression

Riggs no longer wishes to pursue his claims against Wyse. (ECF No. 30, PageID.261.) In his response to Wyse's summary judgement motion, Riggs states, "Riggs abandons his claims as to Defendant Ronald Wyse." Wyse acknowledged and accepted this voluntary dismissal of claims. (ECF No. 31, PageID.301–302.) The Court construes this as a motion by Riggs to drop a party under Federal Rule of Civil Procedure 21. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003) (dropping one party from the action implicates Rule 21), overruled on other grounds by *Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008). Under Rule 21, a court may drop a party on just terms. Since both parties agree that the claims lodged against Wyse have been dropped, the undersigned finds that dismissing Riggs' claims against Wyse without prejudice is a just outcome.

Since Riggs no longer wishes to pursue his claims against Wyse and Wyse has accepted this voluntary dismissal, the undersigned **RECOMMENDS** that Riggs' claims against Wyse be **DISMISSED WITHOUT PREJUDICE FOR VOLUNTARY DISMISSAL** under Rule 21.

### IV. First Amendment—retaliation for presenting a defense

For the following reasons, the Court finds that a genuine issue of material fact exists and **RECOMMENDS** that Doss' motion for summary judgment be **DENIED**.

A retaliation claim consists of three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted).

The Court finds that after viewing the evidence presented in the light most favorable to Riggs, Riggs was engaged in protected activity and that he suffered an adverse action. Further, there is a genuine issue of material fact over whether that action was motivated by Riggs' engagement in protected speech. Therefore, the undersigned **RECOMMENDS** that Doss' motion for summary judgment be **DENIED** so that the issues of fact may be resolved at trial.

### A. Protected conduct

A prisoner's speech at a misconduct hearing is protected. *Ford v. Bell*, No. 99-10090, 2002 WL 31772022, at *3 (E.D. Mich. Sept. 25, 2002). In *Ford*, the plaintiff had been charged with insolence. *Id.* at *1. During the plaintiff's testimony in his own defense at a misconduct hearing, he stated that the reporting

officer had incorrectly identified him as the culprit. *Id.* Further, the plaintiff testified that the reporting officer deliberately misidentified him in retaliation for the plaintiff complaining about the reporting officer. *Id.* Upon hearing this testimony two of the guards at the hearing allegedly became agitated, exchanged looks, and began to glare at the plaintiff. *Id.* One of the two guards had purportedly warned the plaintiff not to criticize the reporting officer during the hearing. *Id.* After the hearing, the two guards allegedly began to taunt the plaintiff with racial slurs, accuse him of lying at the hearing, and physically assault him. *Id.* The court found that the plaintiff had produced enough evidence to support his account of the events, and if substantiated, the allegations would amount to a retaliation in violation of his First Amendment rights. *Id.* at *4.

Here, Riggs claims through his verified amended complaint, his affidavit attached to his response, and through his deposition testimony that Doss was retaliating for Riggs' making statements in his defense at the misconduct hearing. (ECF No. 10, PageID.41–42.; ECF No. 30, PageID.278–79; ECF No. 33, PageID.314.) The undersigned finds that the conduct alleged to have caused the retaliation is protected.

### B. Adverse Action

Riggs has also produced enough evidence to establish an adverse action. An action "capable of deterring a person of ordinary fitness" is an adverse action in a

6

prisoner retaliation case. *Thaddeus-X v. Blatter*, 175 F.3d at 398. This threshold is only intended to weed out inconsequential actions and does not require egregious retaliatory acts. *Id.* When deciding whether issuing a misconduct ticket is an adverse action, the Court looks to both the potential punishment and the actual punishment faced. *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (citations omitted). Actions resulting in restrictions and removal of privileges for prisoners are considered adverse. *Id.* at 266–67 (citations omitted). Here, Riggs states he was punished with three extra days of lost privileges for presenting a defense. (ECF No. 30, PageID.297.) Viewing the evidence in the light most favorable to Riggs, the Court finds that an adverse action occurred.

### C. Causation

To complete a retaliation claim, the plaintiff must establish that the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. The question of causation, an issue of fact, is usually resolved by a jury. *Maben*, 887 F.3d at 267 (citations omitted). However, summary judgment may be appropriate when there is a lack of evidence for causation. *Id.* But once the plaintiff has established a causal link, the burden shifts to the defendant to show that the adverse action was motivated in no part by the protected conduct. *Thaddeus-X*, 175 F.3d at 267. Defendants can meet this burden by showing that

even if plaintiff had not engaged in protected activity, the defendant would have taken the same adverse action. *Id.*

Causation can be hard to prove by direct evidence so circumstantial evidence can suffice. *Maben*, 887 F.3d at 267. How soon the adverse action occurred after the plaintiff engaged in protected conduct can support the existence of a causal link. *Id.* at 268. The closeness in time between the two events can sometimes be enough, standing alone, to create an inference of retaliatory motive. *Id.* (quoting *Muhammad v. Close*, 379 F.3d 413, 417–418 (6th Cir. 2004)). Additionally, affidavits confirming retaliatory statements made by the defendant can support a claim of retaliation. *Muhammad*, 379 F.3d at 416; *Ford*, 2002 WL 31772022, at *4.

Here, the retaliation was alleged to have occurred during or immediately after the hearing. (ECF No. 30, PageID.386.) Further, Riggs claims Doss explicitly threatened to impose increased sanctions if Riggs presented a defense. *Id.* Riggs states that Doss offered two days lost privileges if Riggs pled guilty. (*Id.*) Further, Riggs claims that Doss wrote an X on the guilty plea signature line for Riggs to sign and the number 2 in the days of lost privileges line on the hearing form. (*Id.*) Riggs has provided a copy of his insolence misconduct report. (*Id.*, PageID.281.) On it, there is clearly a letter X on the guilty plea signature line and the number 2 in the days of lost privileges line, which has been crossed out. (*Id.*) This evidence

8

lines up with Riggs' version of events as he in fact lost five days of privileges. (*Id.*, PageID.297.)

In *Ford*, the plaintiff's affidavit contradicted the defendants' affidavits and created a fact issue that could not be resolved on a motion for summary judgment. *Ford*, 2002 WL 31772022, at *3–*4. Similarly, Riggs' statements and the document evidence provide strong circumstantial evidence that Doss might have threatened to give five days of lost privileges instead of two. The undersigned finds that there is an inference to be made that the three additional days lost privileges could have been retaliatory.

Doss claims he would have issued five days of lost privileges regardless of Riggs' decision to present a defense. (ECF No. 25-10, PageID.206.) Further Doss claims that he never threatened to increase the days of lost privileges for Riggs' presenting a defense. (*Id.*) However, the Court is to draw inferences in the light most favorable to the non-movant on a motion for summary judgment. Further, contradictory affidavits between the defendant and plaintiff can create a fact issue. *Ford*, 2002 WL 31772022, *3–*4. The undersigned finds that the evidence viewed in the light most favorable to Riggs' establishes a genuine issue of material fact over causation.

### D. Qualified immunity

The undersigned notes that the defendants never argue that Doss is protected

by qualified immunity for the alleged retaliation against Riggs. Rather, they only argue that qualified immunity applies in the JPay censorship context for Riggs' claims against Wyse. (ECF No. 25, PageID.108.) In their answer, however, the defendants generally raise the affirmative defense of qualified immunity. (ECF No. 19, PageID.71–72.) While the undersigned finds that the "sloppy draftsmanship displayed here has brought [Doss] dangerously close to needlessly waiving his qualified immunity argument," the undersigned finds that the affirmative defense in the answer is enough to determine whether Doss is entitled to qualified immunity. *See Taylor v. Mich. Dept. of Corr.*, 14 F.3d 602, 1993 WL 533470, at *2 (6th Cir. Dec. 22, 1993) (unpublished table decision) (allowing a qualified immunity defense to proceed even though it was not raised in the motion for summary judgment).

Qualified immunity applies to most government officials performing discretionary functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Qualified immunity generally shields such officials from civil liability if their conduct does not violate clearly established statutory or constitutional rights. *Id*. at 815. This inquiry is objective. That is, a reasonable person must have known about the clearly established rights. *Id*. at 818. The focus of this inquiry is on "whether the officer had fair notice" that their conduct was unlawful. *Lyons v. City of Xenia*, 417

Case 2:20-cv-12610-DML-APP ECF No. 37, PageID.332 Filed 02/28/23 Page 11 of 15

F.3d 565, 579 (6th Cir. 2005) (quoting *Brosseau v. Haugen*, 125 S. Ct. 596, 599 (2004)).

When determining whether an official is entitled to qualified immunity, the court asks: (1) taking the facts in the light most favorable to the injured party, did the conduct violate a constitutional right and (2) is that right clearly established? *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018) (quotations omitted).

There are two methods for establishing that the law was clearly established and that the officer had fair notice. *Id*. (quotations omitted). It is established if the violation is sufficiently obvious under the general standards of constitutional care. *Id*. (quotations omitted). Alternatively, it is established if the conduct violates a body of caselaw that squarely governs the case at issue. *Id*. (quotations omitted). The established right must be defined at an appropriate level of specificity. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Generalized propositions of law cannot clearly establish a right for purposes of qualified immunity. *Brosseau*, 543 U.S. at 198.

For the right to be clearly established, there must be precedent established in the United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, on in this district, the United States District Court for the Eastern District of Michigan. *See Rhodes v. Michigan*, 10 F.4th 665, 680 (6th Cir. 2021) (citations omitted); *Barrett v. Harrington*, 130 F.3d 246, 264 (6th Cir. 1997)

11

(citations omitted). To overcome qualified immunity, a plaintiff seeking to thwart the doctrine need not find a case "directly on point", but the case must be sufficiently clear as to when a right is established. *See Taylor v. Barkes*, 575 U.S. 822, 825 (2015).

The Sixth Circuit has repeatedly found that retaliation for prisoners exercising their First Amendment rights by prison officials is a violation of clearly established constitutional law. *Maben*, 887 F.3d at 269 (collecting cases). These Sixth Circuit cases typically deal with officials who have issued false misconduct tickets in retaliation for a prisoner filing a grievance. *Id*. But these cases also stand for the general principle that retaliation with sanctions for protected speech is a violation of constitutional law. *Id*. at 270 (issuing a misconduct ticket in retaliation of the prisoner's protected activity violates clearly established law). While a general proposition of law is not enough to deny qualified immunity, jurists in this district have determined that it is a constitutional violation where retaliation occurs based upon protected speech in a misconduct hearing. *Ford v. Bell*, 2002 WL 31772022, at *3. Thus, this district has squarely addressed the same type of retaliation alleged by Riggs here. *See id.* Accordingly, the undersigned finds that the caselaw that existed at the time of the alleged violation would have provided adequate notice of clearly established law for the facts alleged by Riggs. *See Lyons*, 417 F.3d at 579.

Given the evidence provided by the parties, the undersigned finds that Riggs may be able to establish that Doss threatened to retaliate against Riggs for presenting a defense to prison punishment and did in fact retaliate against him. If Riggs' allegations are true, Doss violated his clearly established constitutional right. *See Ford v. Bell*, 2002 WL 31772022, at *3–*4. Thus, a genuine issue of material fact exists as to whether qualified immunity applies, and at this juncture, the shield of qualified immunity does not protect Doss. Therefore, the undersigned recommends that Riggs' claims against Doss proceed.

## V.     Order to Show Cause

Riggs has failed to answer the order to show cause issued by the undersigned on January 27, 2023 by the due date of February 9, 2023. However, the show cause order was for a technical violation of the local rules, and the dispositive motions have been fully briefed. The undersigned finds that it would be inappropriate to recommend any dispositive sanctions for a first-time violation of the local rules and the first order to show cause. While this oversight is serious, dismissal of an action is a grave consequence that the undersigned would only recommend imposing as a last resort. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (stating that courts are extremely reluctant to dismiss a case for failure to prosecute). Accordingly, Riggs claims against Doss should continue at this

juncture, although Riggs is hereby further warned that he should abide by all orders of this Court.

## VI.   Recommendation

For the reasons stated herein, the undersigned **RECOMMENDS** that Riggs' claims against Wyse be **DISMISSED WITHOUT PREJUDICE DUE TO VOLUNTARY DISMISSAL** under Federal Rule of Civil Procedure 21 and that Doss' motion for summary judgment be **DENIED**. (ECF No. 25.)

Dated:  February 28, 2023              s/**Jonathan J.C. Grey**
                                       Jonathan J.C. Grey
                                       United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2023.

<u>s/ **J. Owens**</u>
Julie Owens
Case Manager
