UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RIGGS,

               Plaintiff,

v.

RONALD WYSE and MICHAEL
DOSS,

               Defendants.

_____/

Case No. 2:20-cv-12610
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO SHOW CAUSE, TO NOTIFY THE COURT OF A CURRENT ADDRESS, AND TO PROSECUTE

**I.    RECOMMENDATION**: The Court should dismiss without prejudice

Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern

District of Michigan Local Rules 11.2 and 41.2 for failure to show cause, to notify

the Court of his current address, and to prosecute.

**II.    REPORT:**

### A.  Background

Plaintiff William Riggs, a former state prisoner[1] proceeding without the

assistance of counsel, filed the instant action on September 17, 2020, against

---

[1] Plaintiff was released on parole on December 15, 2022.  *See*
www.michigan.gov/corrections, "Offender Search."

Michigan Department of Corrections (MDOC) officers Ronald Wyse and Michael Doss pursuant to 42 U.S.C. § 1983, for violations of his First Amendment rights. He then filed an amended complaint on July 12, 2021.  (ECF No. 10.)

On March 2, 2022, Defendants filed a motion for summary judgment (ECF No. 25), to which Plaintiff responded on September 22, 2022 (ECF No. 30). Beginning in December 2022, however, the docket indicates that documents mailed to Plaintiff at his address of record have been returned as undeliverable. (*See* ECF Nos. 34, 36.)

On January 27, 2023, Magistrate Judge Grey ordered Plaintiff to show cause by February 9, 2023, why the case should not be dismissed for failure to notify the Court of his address change in conformance with E.D. Mich. Local Rule 11.2. And on February 28, 2023, Magistrate Judge Grey filed a report and recommendation that Plaintiff's claims against Wyse be voluntarily dismissed without prejudice, and that Doss's motion for summary judgment be denied (ECF No. 37), which the Court adopted on March 22, 2023 (ECF No. 39).  All three were mailed to Plaintiff at his address of record, and two have thus far been returned as undeliverable.  (ECF Nos. 36, 38.)  Further (and unsurprisingly, as it appears Plaintiff is no longer receiving mail from the Court), to date, Plaintiff has not responded to the order to show cause.

2

The case was reassigned to me from Magistrate Judge Grey, and Judge Lawson subsequently referred to the case to me for all pretrial matters.  (ECF No. 39.)

## B.  Standard

E.D. Mich. Local Rule 11.2 provides that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties."  *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (quotations and citation omitted; alteration in original).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).  Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Id.* (quoting *Knoll*, 176 F.3d at 363).

**C. Discussion**

The record clearly demonstrates that dismissal for failure to prosecute is appropriate here.  Plaintiff has failed to notify the Court of his current address, resulting in the inability of Defendant Doss and the Court to communicate with Plaintiff at all, or for Plaintiff to participate in his own lawsuit.

Accordingly, I conclude that no alternative sanction beyond dismissal would help the Court to effectively manage its docket and avoid unnecessary burdens on the Court and opposing parties, and **RECOMMEND** that the Court **DISMISS** Plaintiff's action without prejudice under Fed. R. Civ. P. 41(b), E.D. Mich. LR 41.2, and E.D. Mich. LR 11.2.

4


## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: March 29, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE